IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : |
| | : Case No.: 7:22-CR-00033 (WLS-TQL-1) |
| IAIN P HINZMAN, | : |
| Defendant. | : |

### ORDER

Presently before the Court is Defendant's *pro se* Motion to Return Property pursuant to Federal Rule of Criminal Procedure 41(g). (Doc. 63), Therein, Defendant requests all property not considered to be evidence in the case and not used against Defendant be returned to him. (*Id.*) In particular, Defendant requests the return of Xbox, a black and white hard drive with 8 terrabite [sic], and a black hard drive with 1 terrabite [sic] to be sent to his parents' residence in Florida. (*Id.*)

Previously, in September of 2022, Defendant was charged with a two-count Indictment, wherein Count One and Two charged him with Possession of Child Pornography in violation of 18 U.S.C. 2252A(a)(5)(B) and 2252A(b)(2). In August of 2023, Defendant entered into a written Plea Agreement with the Government, wherein Defendant pled guilty to Count Two, which charged him with Possession of Child Pornography. As part of the Plea Agreement, Defendant abandoned one (1) Centon Data Stick Sport thumb drive; one (1) Verizon Galaxy S6 cell phone; and one (3) Samsung Galaxy S9 Cell phone in black case. (Doc. 50, at 9–10). In November of 2023, Defendant was sentenced, and the

1

Judgment was entered. (Doc. 61). In April of 2024, Defendant filed the instant *pro se* Motion, requesting the return of certain properties. (Doc. 63).

Generally, people seeking return of non-contraband property at the conclusion of a criminal case may do so under Federal Rule of Criminal Procedure 41(g). Fed. R. Crim. P. 41(g). The Government filed a Response (Doc. 65) to the instant Motion, stating that the properties listed by Defendant is not in federal custody and thus the Court does not have jurisdiction to exercise its discretion over them. Additionally, the Government notes that the Lowndes County Sheriff's Office (LCSO) previously seized eleven (11) properties from Defendant, which are still in custody with the LCSO. (Doc. 65, at 3). The Government further explains that one (1) thumb drive; one (1) of the two (2) Centon Data stick sport; one (1) Verizon Galaxy S6 cell phone; and one (1) Samsung Galaxy S9 Cell Phone in black case cannot be returned to Defendant because they contain child sexual abuse material. (*Id.* at 4).

However, the Government states that to the extent that Defendant is asking for return of the remaining items, the Government does not oppose Defendant's request. (*Id.*) But the Government notes that the subject property is not in the custody of the United States or any of its agencies, and that the LCSO noted to the Government that a copy of Defendant's instant Motion (Doc. 63) will be forwarded to the LCSO evidence custodian so that non-contraband items can be mailed back to Defendant Hinzman at the address provided by Defendant. (*Id.* at 4).

The United States cannot return property that it does not have. *United States v. Cobb*, 703 F. App'x 879, 882 (11th Cir. 2017) ("[The Court] cannot order the federal government to return something that it does not possess.") And based on the Government's Response

(Doc. 65), it appears that the LCSO is currently working to release and send the non-contraband items to the address provided by Defendant Hinzman. Therefore, Defendant's Motion (Doc. 63) is **DISMISSED as moot**. Additionally, for the reasons stated by the Government, Defendant's request for any requested items containing child sexual abuse materials is **DENIED**.

Going forward, Defendant is advised that if he is unable to get his items back from LCSO for some reason, he will have to take that up with them, not the United States. Of course, Defendant may also take advantage of any proceedings permitted under Georgia law, if he wishes.

**SO ORDERED**, this 22nd day of May 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**